**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivan H. Lewis, et al., ) | No. CV-09-8196-PCT-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| James Ray, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

We have before us defendants' motion to dismiss (doc. 38), plaintiffs' response (doc. 45), and defendants' reply (doc. 46). Plaintiffs allege that defendants "copied, duplicated, and utilized the Native Americans' Sweat Lodge and ceremony strictly for their own personal gain and commercial profits," in violation of the Indian Arts and Crafts Act ("IACA"), 25 U.S.C. § 305e. Plaintiffs contend that defendants copied Native American ceremonial structures and designs, and impersonated Native American traditions and customs. Defendants move to dismiss on the grounds that plaintiffs have failed to properly effectuate service, lack standing, and have not stated a claim upon which relief can be granted.

We first consider defendants' contention that plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs' complaint must contain "well-pleaded factual allegations," which "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1950 (2009). Under the IACA, plaintiffs must show that

1  defendants (1) offered or displayed for sale a good, (2) "in a manner that falsely suggests it
2  is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or
3  Indian arts and crafts organization." 25 U.S.C. § 305e(b). The Indian Arts and Crafts Board
4  ("Board"), which the IACA vested with the power to prescribe rules and regulations for "the
5  effective execution and administration" of its powers, 25 U.S.C. § 305b, has defined an
6  "Indian product" as "any art or craft product made by an Indian." 25 C.F.R. § 309.2(d)(1).
7  The regulations also provide several illustrations of Indian products: "[a]rt made by an
8  Indian," "[c]raftwork made by an Indian," and "[h]andcraft made by an Indian, i.e. an object
9  created with the help of only such devices as allow the manual skill of the maker to condition
10 the shape and design of each individual product." 25 C.F.R. § 309.2(d)(2). The Act "is
11 essentially a truth-in-advertising law designed to prevent marketing products as 'Indian
12 made' when the products are not, in fact, made by Indians as defined by the Act." Indian
13 Arts and Crafts Board, Protection for Products of Indian Art and Craftsmanship, 61 Fed. Reg.
14 54552 (Oct. 21, 1996).

15     Pursuant to the language of the statute, plaintiffs cannot state a claim for either the
16 first or second elements of a cause of action. First, plaintiffs do not allege that defendants
17 offered or displayed for sale a "good." Goods are "commodities; wares" or "portable
18 personal property." American Heritage College Dictionary 586 (3d ed. 2000). See e.g.,
19 A.R.S. § 47-2105(A) (U.C.C. § 2-105(A)). The sweat lodge experiences that are the subject
20 of plaintiffs' complaint are services, rather than "goods." Second, plaintiffs do not allege that
21 defendants purported to sell an "Indian product." The operation of a sweat lodge is plainly
22 not art, craftwork, or a handcraft. Moreover, the Board explicitly rejected the suggestion that
23 the definition of Indian product should cover "any cultural property of an Indian tribe or
24 moiety and include a reference to a compatible Indian cultural property law." Protection for
25 Products of Indian Art and Craftsmanship, 61 Fed. Reg. 54553. The Board concluded
26 instead that the "focus on the contemporary arts and crafts market is in keeping with the
27 Congressional intent of the Act and the legislated mission of the Indian Arts and Crafts
28 Board—economic growth through the development and promotion of contemporary Indian

1   arts and crafts." Id.

2   We cannot extend the IACA beyond "goods" purported to be "Indian products" to
3   also cover "services."  To do so would clearly violate both the language and purpose of the
4   statute, as well as the Board's regulations.  Therefore, plaintiffs' allegations about the sweat
5   lodge ceremonies cannot establish a claim for a violation of the IACA.  Accordingly, we
6   need not address defendants' remaining contentions about service of process or plaintiffs'
7   standing.

8   **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 38).  Because
9   it cannot be cured by amendment, plaintiffs' complaint is dismissed with prejudice.

10  DATED this 29th day of October, 2010.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge